IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER LEO TRUJILLO,

    Plaintiff,

vs.                                                  No. CIV 19-1210 JB/LF

MARIANNA VIGIL,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Plaintiff Christopher Leo Trujillo's failure to prosecute his Prisoner's Civil Rights Complaint, filed December 26, 2019 (Doc. 1)("Complaint).  The Honorable Laura Fashing, United States Magistrate Judge for the United States District Court for the District of New Mexico, directed Plaintiff Christopher Leo Trujillo to update his address after he severed contact with the Court.  See Order to Show Cause at 1, filed July 1, 2020 (Doc. 7)("OSC").  Because Trujillo did not respond to the OSC, the Court will dismiss this case without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Trujillo previously was incarcerated at the Penitentiary of New Mexico ("PNM"). Complaint ¶ 1, at 1.  He filed the Complaint on December 26, 2019, alleging Defendant PNM Warden Marianna Vigil mishandled the prison grievance process.  See Complaint ¶¶ B, D, at 2, 5-6.  Along with the Complaint, Trujillo filed a Prisoner's Motion and Affidavit for Leave to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915.  See Prisoner's Motion and Affidavit for Leave to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915 at 1, filed December 26, 2019 (Doc. 2)("IFP Motion").  Magistrate Judge Fashing granted the IFP Motion by an Order

entered December 27, 2019.  See Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915(b) at 1, filed December 27, 2019 (Doc. 3).

On March 24, 2020, Trujillo called the Clerk's Office to "let[] the Court know that he is no longer in prison and is still indigent."  Text-Only Staff Note entered March 24, 2020 on the Federal Court Docket.  Trujillo also told Clerk's Office staff that he "will be mailing a letter with his current address."  Text-Only Staff Note entered March 24, 2020 on the Federal Court Docket.  The letter never arrived.  On July 1, 2020, Magistrate Judge Fashing entered the OSC.  See OSC at 1.  Pursuant to D.N.M. LR-Civ. 83.6, the OSC requires Trujillo to notify the Clerk's Office of his current address by August 1, 2020.  See OSC at 1.  Magistrate Judge Fashing warned that the "[f]ailure to timely provide an updated address will result in the dismissal of this action without prejudice and/or further notice."  OSC at 1.  Trujillo has not complied, shown cause for his failure to comply, or otherwise responded to the OSC.  On July 13, 2020, the United States Postal Service returned the OSC as undeliverable.  See Mail Returned as Undeliverable Re: Order to Show Cause, Mail Sent to Christopher Leo Trujillo, filed July 13, 2020 (Doc. 8).

## ANALYSIS

"The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provision or [the habeas corpus] rules, may be applied to a [habeas] proceeding."  Rule 12 of the Rules Governing Section 2254 Proceedings for the United States District Courts, Effective Feb. 1, 1977, as amended to Dec. 1, 2019.  Rule 41(b) of the Federal Rules of Civil Procedure is not inconsistent with any habeas statutory provision or rule, and courts regularly apply rule 41(b) in habeas proceedings.  See DeAtley v. Williams, 782 Fed. App'x 736, 737 (10th Cir. 2019)(unpublished)(affirming dismissal of § 2254 habeas petition under rule 41(b)); Manygoat v.

Jacobs, 347 F. Supp. 3d 705, 707 (D.N.M. 2018)(Browning, J.)(dismissing habeas corpus petition under rule 41(b) for failure to prosecute and to comply with court orders).

Rule 41(b) authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the these rules or a court order."  Fed. R. Civ. P. 41(b).  See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted).  As the United States Court of Appeals for the Tenth Circuit explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation[.]"  Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016).  Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty.

Justice Ctr., 492 F.3d at 1162. Those criteria include: the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions. See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d at 1162.

Here, Trujillo has severed contact with the Court and failed to provide his current address, as D.N.M. LR-Civ. 83.6 requires. He also did not respond to the OSC, which was returned as undeliverable. In light of these issues, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d at 1204. The dismissal will be without prejudice, after considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center.

**IT IS ORDERED** that: (i) the Plaintiff's Prisoner's Civil Rights Complaint, filed December 26, 2019 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of the civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Christopher Leo Trujillo
Santa Fe, New Mexico

    *Pro se petitioner*